NEW YORK CITY CAR ADVERTISING CO. v. GREENBERGER.

(Supreme Court, Appellate Term, First Department.   June 17, 1913.)

PRINCIPAL AND AGENT (§ 116*)—AUTHORITY OF AGENT—APPARENT AUTHORITY.
        Where the owner of a store permitted her son, subject to her direc- tions and consultations with her, to take charge of the store, buy goods when needed, open the mail, and answer all letters, signing her name, he had a general authority, authorizing him to execute a written con- tract in her name, since third persons were not bound by private direc- tions or consultations between her and the son.

        [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 377, 377½; Dec. Dig. § 116.*]

        Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the New York City Car Advertising Company against Rosa Greenberger. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Einstein, Townsend & Guiterman, of New York City (S. G. Nissenson, of New York City, of counsel), for appellant.

Philip I. Schick, of New York City, for respondent.

LEHMAN, J. The plaintiff sued upon a written contract signed: "R. Greenberger, by Benjamin Greenberger." At the trial the contract was excluded, and the complaint dismissed, apparently on the ground that the plaintiff had failed to prove that Benjamin Greenberger had authority to bind the defendant. The plaintiff, in order to show the authority of the agent, was obliged to produce the agent as its own witness. It elicited from him that the defendant has two stores, one in Grand street and one in Hudson street. When the defendant is absent from either store, her son, Benjamin Greenberger, is in charge of that store; at those times he had charge of the employés, consulted with the salesmen who came to sell goods, and purchased goods when needed; he had signed a statement for Bradstreet's of his mother's financial condition; *he opened mail addressed to the defendant, and replied to all letters.* At the same time, however, the witness testified that he did none of those acts without consulting at all times with his mother, and that he acted under her direction. He also says that, the day after the contract was signed by him, he called his mother's attention to it, and she refused to sanction it, and ordered him to write to plaintiff canceling the contract. It is to be noted, however, that this letter requests a cancellation as a favor, and does not make any claim that the son had no authority to make the contract. It is a significant fact that this letter, written at the direction of the defendant, is written on defendant's letter head, and signed "R. Greenberger," without anything to show that it is written by her agent. It is also not disputed that the son signed all letters "R. Greenberger." There are a number of other letters in evidence, written in the same way by the son, requesting the cancellation as a favor; but the defendant denies any knowledge of the letters. Finally, the defendant, after a bill was sent by the plaintiff, did direct that a letter be sent denying the liability on any contract not signed by herself personally.

Conceding the truth of the testimony that the defendant's son did nothing without consulting her, the evidence still shows that, subject to these consultations, he had authority to take charge of the store, to buy goods when needed, to open the mail, and to answer all letters, signing the defendant's name. The son himself testified that he consulted the defendant about important letters only, and answered the others without consultation. It seems to me that this evidence is

sufficient to establish a general authority in the son. Persons dealing with the defendant are not in a position to find out what orders the defendant may privately give to her son, nor are they concerned with private directions or consultations. If the defendant has given her son authority to represent her in the conduct of her business, she is liable for his contracts, even though she may have told her son not to exercise this power, except by her specific direction.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

WHITAKER, J., concurs. BIJUR, J., dissents.